SAMUEL D. MERCER, PLAINTIFF IN ERROR, v. HENRY H. HARRIS AND WILLIAM M. FOSTER, DEFENDANTS IN ERROR.

1. **Contract:** CONDITIONS OF SAME: EVIDENCE. Where a building contract provides that the work shall be done under the direction and supervision of an architect "to be testified by a certificate or writing under his hand," such architect is thereby constituted sole arbiter between the parties, and by his certificate, stating "balance due in full of contract price," the owner of the building is bound, no fraud being alleged or proven. In such a case evidence offered to show the character and quality of the materials furnished, and a subsequent certificate stating that the architect could not without detriment to his reputation "sign a certificate for the work being done in accordance with the plans and specifications," is inadmissible.

2. **Practice:** IT SEEMS that merely allowing the jury to take with them documentary evidence during their retirement, is not sufficient of itself, to disturb their verdict.

ERROR to the district court for Douglas County.

This action was brought by Henry H. Harris and William M. Foster, against Samuel D. Mercer, they being the assignees of Rose Brothers, with whom Mercer had entered into a contract for the erection of a dwelling house in the city of Omaha. The contract provided for the erection of the building in accordance with certain plans and specifications made by an architect, said work to be done in a good and workmanlike manner "to the satisfaction of, and under the direction of said architect, to be

testified by a writing or certificate under the hand of said architect." The contract price for the erection of the building in question was $3,375.00, upon which Mercer paid $2867.15. In setting forth the balance due upon this contract, $507.85, it was also alleged that "said architect did and now does refuse to give the certificate above referred to as to the true balance now due and herein set forth, but withholds and refuses his said certificate without just reason or cause." There were also other counts in the petition, setting forth claims for extra work, etc., making the total amount claimed, $934.10. The answer denied that said work was done in a good and workmanlike manner, or in accordance with the contract, and alleged unskillful, inferior and defective workmanship. Upon these pleadings the cause went to trial, and certificate of the architect with acknowledgment of payment of the amount above stated, were introduced in evidence on behalf of Harris and Foster, to the introduction of which the defendant objected. The final certificate of the architect, dated Dec. 12, 1870, with an order, signed by him upon Mercer, to "please pay to Messrs. Rose Brothers the sum of six hundred and two dollars and sixty-six cents, balance in full of contract price," was introduced in evidence, under the objection of the defendant. The defendant offered to introduce in evidence a certificate of the architect dated Jan. 28, 1871, stating a balance due on contract to be $507.85, with the following statement added; "the above statement is correct and includes all the moneys paid and due on account of the original contract. I have examined the work done, and after making all due allowance for the seasoning of the material and settling of the building, etc., I find I cannot, without a decided detriment to my reputation, sign a certificate for the work being done in accordance to the plans, specifications, etc." To this plaintiff's objected, and the objection was sustained. The defendant

also offered other evidence which was excluded.  Verdict in favor of Harris and Foster for $937.45.  Judgment on the verdict, to reverse which Mercer brought the cause here upon petition in error.

*Savage & Manderson*, for plaintiff in error.

I.   The naked issue presented by the pleadings for the consideration of the jury was: "was the work done in accordance with the contract?"  Such being the issue, the orders or statements of the architect offered by the plaintiff below were improperly admitted in evidence. If offered to show payments by Mercer on account of the work done, they were irrelevant and immaterial, because the answer admits such payments and there is no issue upon that point.  If offered to show satisfaction on the part of the architect, or in lieu of the certificate required by the contract, they contradicted the express allegations of the petition admitted by the answer.

II.   But as certain statements or orders of the architect had been admitted, by what rule of law could the statement dated January 28, 1871, when offered by the plaintiff in error, be excluded?

III.   With the allegation on one side that the work was properly done, flatly contradicted on the other, it is difficult to see upon what principle the various questions propounded to Holmes and Richmond were excluded. *Gardner v. Preston*, 2 *Day*, 208.  *Marvin v. Keeler*, 5 *Conn.*, 272.   *Ogden v. Raymond*, 22 *Id.*, 383.

IV.   The jury had no right, under whatever pretense, to take with them to their retirement any portion of the evidence in the case.  *Farmers' and Manuf. Bank v. Whinfield*, 24 *Wend.*, 428.

*John I. Redick and John D. Howe,* for defendants in error.

I.   Under the pleadings we could introduce the writings and recover the amounts expressed therein with no possibility of failure; and we could recover beyond that to the extent that we could show we had performed, the allegation that the writings for such amount had been wrongfully withheld, being admitted.   The issue was upon the amount not certified.   *United States v. Robeson,* 9 *Peters,* 326.   *Herrick v. Vermont Central,* 26 *Vt.,* 673.   *Snodgrass v. Gavit,* 28 *Penn. State,* 221. *Underhill v. Van Cortlandt,* 2 *Johns, Ch.,* 339.   2 *Story Equity Pleadings,* § § 1457, 1459.   *Barlow v. Todd,* 3 *Johns.,* 367.   The construction above given is the most favorable one that plaintiff in error can claim.   But had the petition alleged that we had performed the contract, and that we held the architect's certificate, this answer could not avail.   We allege that this certificate was withheld without just reason or cause.   This stands admitted. Hence the effect. is the same as though the petition alleged that the certificate had been given.

II.   This contract was severable, so that each installment when certified, was an acceptance and execution of the contract to the extent certified.   We could have maintained suit for each installment upon this showing.   The record shows that the architect expressed himself satisfied with the house.   He thereupon gave his writing and certificate for the balance due upon the contract.   This closed the contract.   No fraud, mistake, etc., having been alleged, the right to recover the full amount certified, it was impossible to overcome.   When the defendants in error had shown this, they stopped their case; it was then incumbent upon plaintiff in error to show that there was work, etc., not done pursuant to contract, which had

not been certified. All the evidence was, therefore, obnoxious to the objections. The evidence of a thousand witnesses could not have changed the result. *Everett v. Gray*, 1 *Mass.*, 101. *McAusland v. Cresap*, 3 *G. Greene*, 161. *Demoss v. Noble*, 6 *Iowa*, 530. *Cunningham v. Morrell*, 10 *Johns.*, 203. *Butler v. Tucker*, 24 *Wend.*, 447. *Stewart v. Howell*, 36 *New York*, 393.

III. The evidence of the witnesses, Richmond and Holmes, was offered upon the erroneous theory that plaintiff in error could go back of the certificates, and of all the acceptances of the different parts of the work.

IV. The final certificate introduced in evidence, and the one dated January 28, 1871, clash, and suggest the conspiracy between the owner and the architect, which the evidence on the trial so clearly disclosed. When the former was made, the agency and umpireship of the architect was *functus officio*, and his subsequent certificate was no better than one from a stranger. *Bouvier Ins.*, § 1, 385.

GANTT, J.

Several errors are assigned as reasons for the reversal of the judgment in this case, and they will be examined without any regard to the order in which they appear in the record.

The main ground of defense was that the Rose Brothers did not perform their work in the manner required by the contract, and did not erect and complete the building in a good, sufficient and workmanlike manner. The plaintiff in error offered in evidence the deposition of J. F. Richmond, which was objected to and the objection sustained; he also called Thomas Holmes as a witness and asked him several questions which were objected to, and the objection sustained. The object and purport of

6

this testimony was to show the character and quality of the material furnished and the work done by the contractors, the Rose Brothers, and the plaintiff in error insists that the court erred in rejecting this testimony. But in regard to the ruling of the court upon these points, it will only be necessary to observe that by the terms of the contract between Mercer and Rose Brothers, the latter were required to "erect and finish the building agreeably to the drawings and specifications made by Charles F. Driscoll, architect, to the satisfaction of, and under the direction of said architect, to be testified by a writing or certificate under his hand." Hence, by the terms of the contract, Driscoll, the architect, was not only made the sole arbiter to decide between the parties to the contract, as to the character and quality of the material furnished for and work done on the building, but the plaintiff in error having required the work to be done under the direction of this architect, he thereby constituted him his agent to superintend the erection of the building. So the only question upon these points is, can the plaintiff in error stand upon or abandon his own contract in this respect, at his own pleasure? We think not. He is bound by his contract, unless he can allege and maintain fraud as between the architect and the contractors; but not having done this, the testimony of these two witnesses, in regard to the subject matter about which they were called to testify, was properly rejected.

It is also insisted that the court erred in admitting in evidence the statements or certificates of the architect, offered by the defendants in error. There are three of these writings testified by the architect. The first is an order drawn by the architect on Mercer, in favor of Rose Brothers, for the amount of the installment then payable under the terms of the contract. This order was paid by Mercer, to whom the contractors receipted for the amount. The second was a similar order, and was like

wise paid and receipted. The third "writing" is headed "statement," and sets forth the contract price of the building and some extra work, and also the payments previously made, and then follows the order of the architect on the plaintiff in error, in favor of Rose Brothers, for the amount found due as "balance in full of contract price." It is not alleged that these certificates or "writings" were obtained by the contractors through fraud or by mistake of the architect, and, hence, it must be presumed that they were executed by the architect in the honest discharge of his duty. *Odiosa et inhonesta non sunt in lege praesumanda*, is a well established legal maxim. So, it is said, that "the law presumes every man, in his private and official character, does his duty, until the contrary be proved; and it will presume all things rightly done," until the presumption is overturned by sufficient proof. 1 *Dom.*, *v.* 3, *tit.* 6, *sec.* 4, *art.* 7. 12 *Wheat.*, 69. *The King v. Hawkins*, 10 *East*, 211. *Hartwell v. Root*, 19 *Johns.*, 345.

The contract price was to be paid in installments as the work progressed towards completion, and the right of payment was made to depend upon the obtaining of the certificate, signed by the architect, under whose direction and to whose satisfaction the work was to be done, to be testified by writing or certificate under his hand. The evidence shows that the architect, if not daily, was frequently present during the progress of the work in the erection of the building, and that he gave the "writing," testified under his hand, as the work advanced. Now, do these writings, or certificates, satisfy the conditions of the contract? We think under the circumstances of this case they do. It is very clear that the contract does not prescribe any form of the "writing" to be signed by the architect, and therefore it was necessarily left with him to adopt his own form, which he did; and the plaintiff in error, by paying

the money and taking the contractors receipt on the first and second "writing," signed by the architect, accepted the form he adopted. The Rose Brothers could not require the payment of this money without this "writing," signed by the architect, and they were not entitled to the "writing," until the work was done to his satisfaction. He was the sole arbiter between the parties; the work was done under his direction; it was his duty to withhold the "writing" until the work was done to his satisfaction, and it must therefore be assumed that it was so done. And when the architect issued the third "writing," with the order for the payment of "the balance in full of the contract price," he thereby testified in effect that the building was completed to his satisfaction, and the issuance of this "writing" seems to have ended his duties under the terms of the contract, for then there was nothing left for him to do.

In *Stewart v. Keteltas*, 36 *New York*, 392, which was a case upon a contract, in regard to the powers and duties of the architect, in all respects similar to the one in the case at bar, the court say; "it was not necessary that the architect's certificate should contain a statement that the work was done agreeable to the drawing and specifications, within the time, in a good, workmanlike, and substantial manner, under his direction and to his satisfaction."

When a man contracts with a builder to erect a dwelling house for him, selects an architect under whose direction he entrusts the superintendence of the work, and requires it to be done to the satisfaction of said architect, to be testified by writing under his hand, and such architect performs such duty, being frequently present during the erection of the building, draws orders on the owner for the payment of the installments of the contract price as they become payable, and when the house is completed, makes a final statement of the matter in writing, declaring the balance due, and draws

Mercer v. Harris.

an order on the owner in favor of the builder, for the payment of the balance in full of contract price, we think that a certificate, made by the architect long after this has been done, stating that he could not, without detriment to his reputation, "sign a certificate for the work being done in accordance with plans and specifications" should not be permitted to be used in evidence by the owner of the building. Such certificate, without any averment and proof of fraud or mistake, would carry with it strong suspicions of collusion between the owner and the architect. Hence, under the pleadings and circumstances of this case, we think the court properly rejected the one offered in evidence by the plaintiff in error.

Again, it is complained that the court permitted the jury to take with them during their retirement, the "writing," signed by the architect, giving an exact statement of the account between Mercer and the Rose Brothers. It was admitted by plaintiff in error on the trial, that this "paper set forth correctly all the payments which had been made thereon." In the consideration of this question, when we bring into view the fact that this "writing" was made by Mercer's agent, under whose direction the building was erected, and to whose satisfaction the work was to be done, it seems clear that in contemplation of law, this "writing" was in legal effect that of Mercer himself. It could not mislead the jury, and, although we do not now pretend to decide upon the general question or lay down any rule in respect to the court permitting the jury to take any documentary evidence with them during their retirement, yet under the pleadings and proofs in this case, we think the subject-matter of this complaint is not sufficient of itself, to disturb the verdict of the jury, or reverse the judgment thereon.

JUDGMENT AFFIRMED.

Mr. JUSTICE MAXWELL concurred. LAKE, Ch. J., having tried the cause in the court below, did not sit.