SCHOOL DISTRICT NUMBER TWENTY-SEVEN OF SARPY COUNTY, PLAINTIFF IN ERROR, v. JOSEPH B. RANDALL, DEFENDANT IN ERROR.

1. **Contract**: CONDITIONS OF SAME: EVIDENCE. Where a building contract provides that the work shall be done under the direction and superintendence, and to the satisfaction of an architect, to be testified by certificate under his hand, such architect is thereby constituted sole arbiter between the parties, and the parties are bound by his certificate; but if the owner avers that such certificate was procured by collusion and conspiracy between the builder and the architect to cheat and defraud him, then evidence is admissible tending to prove such conspiracy and fraud, and that the building is not erected according to the terms, plans and specifications of the contract, or in a good workmanlike manner.

ERROR from the district court of Sarpy county. Tried below before SAVAGE, J.

J. L. Webster, for plaintiff in error, cited Ripley v. Gage County, 3 Neb., 397. Mercer v. Harris, 4 Id., 77. Kerr on Fraud, 384. Marvin v. Keeler, 5 Conn.,

271. *Ogden v. Raymond*, 22 Conn., 379. *Kauffman v. Swar*, 5 Barr., 230. *Woods v. Gummert*, 67 Pa. St., 136. *McConihe v. Sawyer*, 12 N. H., 396. *Hopkins v. Sievert*, 58 Mo., 201.

*George W. Doane*, for defendant in error.

GANTT, J.

This is an action upon a contract to erect a school house building. The defendant in error, who was plaintiff in the court below, alleged in his petition that he had performed all the conditions, covenants, and agreements of the contract, on his part to be performed, and had erected and finished the building according to the drawings, plans and specifications made by C. F. Driscoll, architect for the same, and that the same was erected and finished in a good workmanlike and substantial manner, under the direction and to the satisfaction of said C. F. Driscoll, who by the said contract was made the architect and arbiter to attest the same by writing under his hand; that the said architect has made and delivered to him such final certificate, and there remains due to him on said contract for the work so done, the sum of $970.41. He further alleges that he had secured a mechanic's lien upon the building and the lots upon which it stands, and he prays judgment for this balance and interest thereon, and that the building and lots upon which it stands may be sold to satisfy such judgment.

The plaintiff in error denies that the defendant performed all and singular the conditions, covenants and agreements of the contract, or that he erected the building according to the plans and specifications prepared by said architect, or that the work was done in a good and workmanlike manner as provided by the terms of said contract—of all which facts the said defendant in error, and the said architect, had full knowledge at the time

alleged in said petition that the said certificate was made and delivered by said architect to said defendant in error. And further avers that the alleged final certificate was made with full knowledge on the part of the defendant in error and said Driscoll of the neglect and failure of the defendant in error to finish and complete said building according to the terms of said contract, and that said C. F. Driscoll and defendant in error did contrive and conspire together in the making and delivering and receiving of said certificate, to cheat, defraud and injure the plaintiff in error, and he was cheated, defrauded and injured thereby.

It may be noticed here that, as shown by the petition, this is purely an action at law, under section eight of the act in relation to mechanics' liens, and not a suit " in chancery as in other cases of liens " to foreclose such lien, under the provisions of section seventeen of the same act.    The prayer of the petition limits the relief sought to a strict judgment, and not a decree of foreclosure of the lien.    Hence, the case was a proper one to be given generally to the jury, without restricting the jury to the finding of certain facts only.    However, the main ground of exceptions to the proceeding relates to the ruling of the court below in regard to evidence offered by plaintiff in error and rejected, and to the charge of the court to the jury.    It is very probable these rulings were made under a misconception, at the time, of the case of *Mercer v. Harris et al.*, 4 Neb., 77. In that case, at page 82, it is said that " by the terms of the contract, the architect was not only made the sole arbiter to decide between the parties to the contract, as to the character and quality of the material furnished for and work done on the building, but the plaintiff in error having required the work to be done under the direction of this architect, he thereby constituted him as his agent to superintend the erection of the building.    So the only

question upon these points is, can the plaintiff in error stand upon or abandon his own contract in this respect at his own pleasure?    We think not.    He is bound by his contract *unless he can allege and maintain fraud as between the architect and the contractors, but not having done this* the testimony of witnesses " to show the character and quality of the material furnished, and the work done, was properly rejected.    And again, it is said in respect to the certificates of the architect that " *it is not alleged that these certificates or writings were obtained by the contractors through fraud or by mistake of the architect*, and hence it must be presumed that they were executed by the architect in the honest discharge of his duty."    It will therefore be seen that the question of fraud was not raised in that case, and that the testimony was properly rejected as not being pertinent to the issue joined by the pleadings.    It is a well established doctrine of the law that all obligations and contracts, not made in violation of law, are binding on the parties to them; the rule is equally well settled that fraud vitiates everything, contracts, obligations, and even records and judgments of courts.    Chitty on Con., 678.    *Hoit v. Holcomb*, 3 Foster, 554.    And it is an axiom in jurisprudence that in the adjudication of a cause, the court can only adjudge upon the issue joined by the pleadings in the case.    Now in the case at bar, the plaintiff in error distinctly alleges that the contractor and the architect did contrive and conspire together to cheat, defraud, and injure him, by the making and delivering and receiving of the final certificate attested by the architect; and the evidence offered by plaintiff in error, and objected to and rejected by the court, tended to show collusion, conspiracy and fraud between the contractor and the architect in the procurement of the final certificate, attested by the architect. And as the question of fraud was distinctly raised and the issue in respect to it was fairly joined by the plead-

ings in the case, we are of opinion that the evidence offered was properly admissible, and erroneously rejected.

Again, the court "instructed the jury to return a verdict in favor of the plaintiff on the issues submitted to them." Under the law of the case as above stated, it was the province of the jury to decide from the evidence all questions of fact material to the issues joined by the pleadings; and all these questions of fact, together with the evidence pertinent to the issues joined, should have been submitted to the consideration and determination of the jury; but on the contrary, the instruction given took from the consideration and decision of the jury every question of fact in the case. This we think was error. And for the reasons given in this opinion, the judgment of the district court must be reversed and the cause be remanded for trial *de novo*.

REVERSED AND REMANDED.