KATZ-CRAIG CONTRACTING COMPANY, APPELLANT, v. CITY
OF COZAD, APPELLEE.

FILED APRIL 14, 1917.   No. 19212.

1. Municipal Corporations: CONTRACTS: ESTIMATES: CONCLUSIVENESS.
Where a contract for the installation of a municipal water-works
system provides that final payment shall be made when the work
has been approved and accepted by the city council or by the en-
gineer, and where after installation the city council took pos-
session of the plant and used it continuously for more than three
years without complaint, a final estimate issued by the engineer,
immediately before such appropriation of the plant by the city,
which designates a given sum as the "balance due contractor," in
the absence of fraud or of such gross mistake as to imply bad
faith or a failure to exercise an honest judgment, is conclusive
as between the parties.

2. ———: ———: ———: ———. The evidence examined, discussed
in the opinion, and *held* that the supervising engineer employed
by defendant to inspect and approve the construction of the water-
works system in suit is the sole arbiter as between the contractor
and the city, and that in the absence of fraud a final estimate is-
sued by him certifying the amount due the contractor is binding
upon the parties.

3. Contracts: CONSTRUCTION BY PARTIES. Where a contract is ambigu-
ous in any of its terms, the interpretation mutually placed thereon
by the parties thereto is conclusive as to their respective rights
arising thereunder.

APPEAL from the district court for Dawson county:
HANSON M. GRIMES, JUDGE. *Reversed, with directions.*

*Isidor Ziegler* and *E. A. Cook,* for appellant.

*Wilcox & Halligan, contra.*

DEAN, J.

The city of Cozad entered into a contract to pay the
Katz-Craig Contracting Company of Omaha $34,400 for the
installation of a water-works system. The plant was duly
installed by the company, and partial payments were
made from time to time by the city to apply on the contract
price on estimates furnished by Hershey S. Welch a con-

structing engineer who was employed by the city. The contract is dated September 14, 1910. This suit was begun on October 6, 1914, by the Katz-Craig Contracting Company, plaintiff and appellant, in the district court for Dawson county to recover $7,291.65 from the city of Cozad, defendant and appellee, that being the amount alleged to be remaining unpaid on the contract for completion of the plant. Plaintiff obtained a verdict and judgment thereon for $3,689.70, but, being dissatisfied with the amount of recovery, brought the case here for review.

The petition, in substance, alleges that Hershey S. Welch, a constructing engineer, was employed by the city to supervise the work; that the constructing engineer made a report and a final estimate showing the amount due from defendant. The answer denies generally the unadmitted allegations of the petition; admits that Hershey S. Welch was the engineer employed by defendant to prepare the plans and specifications, but denies that he was the supervising engineer in charge of the work, or that he had control thereof; admits that Welch was employed by the city to make estimates of amounts due plaintiff as the work progressed; alleges that the ditches for the water mains were not dug the depth required by the contract, and alleges defective covering thereof.

Plaintiff's reply denied generally all of the new matter in the answer, and denied specifically any obligation to reimburse defendant for its counterclaims.

The issues are simplified from the fact that defendant in its brief concedes that "the city is not claiming damages for defective construction of the plant. The city concedes that the plant was constructed in all respects as required by the contract, and there is not now any question between the city and the contractor on that point; and, while the plaintiff herein continually mentions damages in his brief, a critical examination of the answer in this case will not show any amount claimed as damages, but the only amounts claimed are reductions for work not done and performed by the plaintiff."

It is pointed out by plaintiff that the contract does not provide for the deductions from the contract price for which the city contends. The contract makes no reference whatever to such deductions. The contract is not ambiguous. Its terms are clearly expressed. It does not contain an obscure sentence. In such case it is the duty of the court to discover the intention of the parties from the language of the contract. It is no part of the province of the court to put a strained construction on the instrument in suit, nor to impose upon the parties a different contract than that entered into by them. In any event the interpretation placed on the contract by the parties should govern.

To support its contention the defendant argues that Hershey S. Welch was not the duly authorized supervising engineer to oversee and to pass upon the work performed by the plaintiff company. Plaintiff offered in evidence, without objection, the contract of employment between the defendant city and Hershey S. Welch that had to do with his services as engineer. It is therein shown that Engineer Welch not only prepared the "plans and specifications and detail drawings" for the plant, but that he was employed by the city to supervise and to oversee the "work and the inspection of the material used therein during the time said water-works system is being constructed by the contractor." This employment contract may properly be considered in connection with the record, and, all taken together, it is fairly disclosed that Hershey S. Welch was employed by the city and was actively engaged as its supervising engineer. The defendant city paid to the plaintiff many thousands of dollars upon estimates furnished by Engineer Welch. Not a payment was made that did not have his approval. The contract between the plaintiff company and the defendant city provides that payment for material and work "is to be made on estimates furnished by the engineer under the plans and specifications which are made a part of this contract." In view of the contract and of the record generally, the city can scarcely be heard to deny the employment and active service of Mr. Welch as

supervising engineer with full authority to bind the city
in the premises. A proper construction of the contract
makes the certificates of the engineer conclusive of the
quality, the material furnished, and of the work per-
formed. *Malone v. City of Philadelphia,* 12 Phila. (Pa.)
270. It also appears from the record that on October 14,
1910, Councilmen Hart, Fochtman, Hess and Wallace
were appointed a committee to look after details of the
plant, and of these members Councilman Hart was the
chairman. It was his duty, as the record shows, "to look
after the work of the water-works system," and the record
elsewhere discloses that he was fairly active in the per-
formance of the civic duty that was committed to his
charge.

On July 26, 1911, engineer Welch prepared and pre-
sented to the mayor and city council his "report" wherein
he recommended an acceptance of the water-works system,
and his "final estimate" wherein he certified $6,956.11 as
the "balance due contractor." Below his signature ap-
peared some credits claimed by the city, which cannot be
considered because he testified that they were placed there
at the instance of some person connected with the city gov-
ernment, and that it was done without his approval. It
was therefore no part of the estimate of the engineer. It
may be noted that the deductions so appearing below his
signature aggregate $1,860, and of this sum $1,650 is a
claim for damages, contemplated in the contract, for 165
days' delay at $10 a day beyond the time agreed upon for
the completion of the plant. The trial court properly
withdrew this claim from the consideration of the jury
because no testimony was offered to prove any damages for
such delay. It will not be considered by us because de-
fendant's brief contends only for deductions for work not
done and performed. The remaining items aggregated
only $210, but they cannot properly be considered as a
part of the engineer's final estimate, for the reasons al-
ready given.

*Sheffield & Birmingham Coal, Iron & R. Co. v. Gordon,*
151 U. S. 285, holds: "When a contract provides that
work done under it shall be examined by a superintendent
every two weeks, and if done to his satisfaction it shall be
a final acceptance by the other party, so far as done, the ac-
ceptance by the superintendent forecloses that party from
thereafter claiming that the contract had not been per-
formed according to its terms."

*Omaha v. Hammond,* 94 U. S. 98, holds: "Where a con-
tract, entered into by a city for the construction of certain
public works, provides that they shall be completed under
the supervision and to the satisfaction of an officer of the
city, his action, in finally accepting them, is an announce-
ment of his decision that the terms of the contract have
been complied with, and is binding upon the city."

The record before us utterly fails to sustain the defend-
ant's argument in support of its claim "for reductions for
work not done and performed." The specifications, which
it is agreed are a part of the contract, provide that "the
decision of the engineer will be final relative to the mate-
rials furnished;" and that the engine and the machinery
and the pump fixtures "will be subject to the inspection
and approval of the engineer in charge." It is also speci-
fied that "all pipes, specials, valves, and hydrants will be
located as directed by the engineer," and that "the trench-
es shall be dug and pipes laid according to the grades and
lines given by the engineer." And the contract finally pro-
vides that "the final estimate, including the 20 per cent.
retained from monthly estimates, will be paid in cash upon
the completion of the work according to contract, provid-
ing it has been approved and accepted by the city council
or their engineer." *National Water-Works Co. v. Kansas
City,* 62 Fed. 853, 866, 27 L. R. A. 827, 838; *Mercer v. Har-
ris,* 4 Neb. 77; *School District v. Randall,* 5 Neb. 408;
Wait, Engineering & Architectural Jurisprudence, secs.
429, 430, 446, 485.

Fraud has not been alleged nor proved. There is no charge nor proof of collusion between plaintiff and any officer or employee of the defendant. The city chose and employed the engineer. The plaintiff acquiesced in its choice. The engineer was thereby constituted sole arbiter as between the parties. The work was approved by the engineer as the contract provided. He recommended an acceptance of the plant in his report, and in pursuance thereof and of his final estimate a warrant should have been drawn in payment of plaintiff's claim. Defendant contends that it was the province of the city authorities, and not that of the engineer, to inspect and approve the work before acceptance and final payment. It is sufficient answer to point out: First, that the contract expressly provides that the plant may be "approved and accepted by the city council or the engineer;" and, second, that the duly authorized authorities of the city took possession of the water-works plant and used it continuously without complaint for more than three years before this suit was commenced. Defendant thereby acted upon and ratified the acceptance of the engineer. It may properly be added that without proof it will not be presumed that the city officials failed to respond to the full measure of the official duty that was imposed upon them, and that before they took possession of the water-works system it was duly approved by them as well as by the engineer. The record before us bears convincing proof that the plant had the approval both of the council and of the engineer. In the absence of fraud or of mistake, such complete appropriation by defendant's officers of the water-works system in suit and its continuous and uninterrupted use for so many years estop defendant from denying its liability under the contract.

The court is unable to discover any reason anywhere in the voluminous record why the defendant city should not, after the lapse of so many years, pay the plaintiff for the water-works system that "was constructed in all respects as required by the contract," as the defendant's brief com-

mendably concedes. The present case falls far short of the rule that in a proper case permits the impeachment of an estimate, report or certificate on the ground of fraud, or of such gross mistake as that bad faith would be implied. *Martinsburg & Potomac R. Co. v. March,* 114 U. S. 549.

In view of the record before us and of the authorities applicable thereto, the motion of plaintiff for a directed verdict should have been sustained and judgment entered for plaintiff in the sum of $6,956.11.

The judgment of the district court is reversed, with directions to enter judgment for plaintiff in conformity with the views expressed in this opinion.

REVERSED.

SEDGWICK, J., concurs in the conclusion.

HAMER, J., dissents.