HARRY E. BOWMAN, RECEIVER, APPELLANT, V. FREDERICK O. COBB: PHELPS COUNTY, APPELLEE.

FILED JANUARY 25, 1935. No. 29027.

*Stiner & Boslaugh* and *Edmund P. Nuss,* for appellant.

*Dora O. Nelson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

This action was commenced by the plaintiff and appellant, Harry E. Bowman, as receiver of the Clarke-Buchanan Company, to foreclose a mortgage on 518.64 acres of land in Phelps county. The mortgagors, Frederick O. Cobb, Sylvia Cobb, a tenant upon the premises, the

county of Phelps, defendant and appellee, with others, were made parties defendant.

The petition is not incorporated in the transcript. It is conceded by the parties to this appeal that the petition of the plaintiff was for the foreclosure of the mortgage against all of the land covered by the mortgage, and that this was the only relief prayed for. It is further conceded that all of the defendants failed to answer or otherwise plead to plaintiff's petition. A decree of foreclosure was entered in which plaintiff was decreed to have a first lien upon all of the premises involved to secure the sum of $21,705 found due plaintiff, and, unless said sum with interest was paid within 20 days from the date of the decree, that an order of sale issue directing the sheriff to sell the mortgaged premises. The decree further provided that all questions and issues between the plaintiff and defendant county in reference to said premises should be reserved for hearing, submission and determination upon confirmation of the sale, without prejudice to the rights of either the plaintiff or said defendant.

The sheriff, pursuant to said decree, advertised and sold all of the premises described in the mortgage and decree to the plaintiff for the sum of $20,000, leaving a deficiency of $2,006.65. The defendant county filed objections to the confirmation of the sale. The grounds of said objections, in substance, were: That a public highway was laid out and established across the mortgaged premises containing approximately six acres of the land covered by plaintiff's mortgage, and that on or about the 8th day of June, 1926, certain condemnation proceedings against said land were instituted by the county of Phelps to condemn for public road purposes the said six acres of land, and that as the direct result of said condemnation proceedings a public road was established over said land; that on appeal to the district court for Phelps county the statute under which said condemnation proceedings were brought was declared unconstitutional and the matter of damages between the county of Phelps and said mortgagor, Frederick O. Cobb,

was settled by paying him a stipulated sum of money, and in consideration thereof said mortgagor and his wife signed and delivered a deed to the county of Phelps for the land used for a public highway, which deed was recorded in the office of the county clerk of Phelps county, Nebraska, on the 6th day of April, 1927. The county prayed for an order excepting said strip of ground from the confirmation of the sale.

The record shows that the land was not lawfully condemned for highway purposes, and that plaintiff was not a party to said attempted condemnation proceedings, nor did it receive any notice thereof. It further appears that plaintiff was not dealt with nor consulted in the settlement made between the defendant county and the mortgagor and title holder, Cobb, and did not receive any part of the consideration paid mortgagor for the conveyance. The deed was not given until approximately two years after plaintiff's mortgage was given and recorded. The evidence does not disclose the amount paid to the defendant, Cobb, in settlement of damages occasioned by the location of the road across the mortgaged premises. The consideration named in the deed was $3,500.

At the hearing had on the objections to confirmation, it was insisted by counsel for the plaintiff, plaintiff not having received compensation for the land taken and used by the county for highway purposes, the only question involved was whether the holder of the mortgage was entitled to have the sale confirmed on all the land covered by the mortgage, and that ultimately plaintiff would be entitled to compensation.

After counsel for both plaintiff and defendant county had made statements in regard to their respective claims, the trial court stated: "Well, as I get it, there is practically no dispute between you as to the facts. I could, perhaps, take the statements of both of you as they have been made here as a stipulation of the facts so far as they go. Is there any objection on the part of either of you as to that?" To which the attorney for the plaintiff

replied, "No; I don't think there is any dispute at all as to the facts." The court then asked counsel if there was anything further in the way of evidence that either cared to submit, and counsel for plaintiff indicated that he desired to introduce some evidence. Both parties then introduced evidence on the question of damages occasioned by the location of the highway.

The court, at the conclusion of the evidence on this question, on March 1, 1933, entered an order confirming the sale as to all of the land except that on which the highway was located, and found, as to such tract and the taking thereof, that plaintiff, as lienholder, was entitled to compensation. The matter of fixing the amount and assessment of compensation for the land taken was taken under advisement.

Thereafter, on the 19th day of July, 1933, the court entered an order overruling the objections of defendant county to the confirmation of the sale, and confirmed the sale as to all of the land described in the mortgage and decree, including the tract used for highway purposes, and provided in said order that the confirmation of said sale should be without prejudice to any right claimed by said county for the use of any part of said premises for road purposes, and without prejudice to any right of the plaintiff with reference to any part of the land claimed by the county for road purposes, or any right of the plaintiff for compensation for any part of the land so used by the county, and such matters or any of them should not be adjudicated or determined by the court in this case. From this order plaintiff appeals.

It is urged that the court erred in not fixing the amount of plaintiff's damages for the taking of the land for highway purposes and in entering judgment against the defendant county therefor, and in remitting the parties to another action or actions instead of determining the whole controversy and adjusting all of the rights of the parties.

It is conceded by counsel for the plaintiff that plaintiff's claim for damages was not an issue presented by the

petition for foreclosure of the mortgage, and that the decree of foreclosure granted full equitable relief under the issues as presented by the petition. But he contends that the record shows a stipulation between the plaintiff and the county to litigate the question of plaintiff's right to recover damages for the location of the highway over and across a part of the mortgaged premises. The record shows no such stipulation. All the record shows is that the county, by not objecting to plaintiff's offer of evidence on the question of damages and in offering evidence in its own behalf upon that question, may have acquiesced in litigating that issue. The attempt here was to litigate, without pleadings, a cause of action not accruing until confirmation of the sale, and not related to the merits of any issue presented by plaintiff's petition. We have repeatedly held that, under our system of pleading and practice under the Code, issues to be tried must be formed by pleadings and a judgment rendered thereon must respond to the issues raised by the pleadings. *Clarke v. Kelsey*, 41 Neb. 766; *Hobbie v. Zaepffel*, 17 Neb. 536; *School District v. Randall*, 5 Neb. 408; *Traver v. Shaefle*, 33 Neb. 531.

Counsel for the plaintiff contends, however, that, "where all the parties interested in an action consent to a certain decree or to the determination of a certain question, the court has the right to determine such question and make such decree, even though it may not be within the pleadings." The case of *Clark v. Charles*, 55 Neb. 202, is the only case cited in support of this proposition. In that case we held:

"When a decree is entered conforming to the agreement and consent made in open court of all the parties to the action, the court having jurisdiction to enter such decree, then no party to the decree, nor one claiming under such party, can be heard to question it except for fraud or mistake, even though the pleadings would not support the decree had the action been contested."

It is manifest that the case cited is not an authority

upon the question involved. Here no judgment was rendered upon the issue attempted to be litigated, nor was it agreed between the parties that a judgment should be rendered in favor of the plaintiff and against the defendant county for any amount. The case does not decide that it is the duty of the court to determine an issue litigated which is not within the pleadings. In *Clarke v. Kelsey, supra,* it was said by Judge Norval:

"The only safe rule is to require litigants to try their cases upon the issues presented by the pleadings."

The record in this case furnishes a good illustration of the wisdom of adhering to that rule. When an issue is tried which is not within the pleadings, no duty rests upon the trial court to render judgment thereon and a refusal or failure to do so is not error. To hold that a trial court is required to render judgment upon an issue litigated, not within the issues, would be to give sanction to a practice not contemplated by our Code nor in accord with our previous decisions. If plaintiff desired to have tried and determined his right to damages and the amount thereof, he should have obtained leave from the court to file a supplemental petition raising that issue. Not having done so, he cannot predicate error upon the refusal of the trial court to determine an issue not within the pleadings.

It is urged by counsel for the plaintiff that we should try *de novo* the issue of his right to damages and the amount thereof, and direct that judgment be entered for the amount which we find to be his damage. The trial court having determined all the issues within the pleadings in favor of the plaintiff, and there being no judgment of the trial court upon the merits of said issue, that issue is not here for a trial *de novo,* no matter how desirable it might be to dispose of it so as to avoid further litigation. The judgment is therefore

AFFIRMED.