ONE PACIFIC PLACE, LTD., A TENNESSEE LIMITED PARTNERSHIP,
APPELLEE, V. H.T.I. CORPORATION, DOING BUSINESS AS
LEGGOONS, A CORPORATION, APPELLANT.

569 N.W.2d 251

Filed October 7, 1997.   No. A-96-601.

Larry R. Demerath, of Demerath Law Offices, for appellant.

Anthony J. Hruban, of Bradford, Coenen & Welsh, for appellee.

HANNON, IRWIN, and INBODY, Judges.

HANNON, Judge.

In this action, One Pacific Place, Ltd., sued H.T.I. Corporation (HTI) to recover possession of real estate rented to HTI and to recover rent and damages. HTI gave up possession of the real estate, leaving only the issue of damages. One Pacific Place filed a "Motion for Partial Summary Judgment," but the parties and the court have treated it as a motion for summary

judgment. The trial court granted a summary judgment in favor of One Pacific Place and awarded damages of $82,718.07. HTI appeals, alleging that the court erred in awarding penalty damages of $36,090.66 and in failing to give HTI credit for rent that One Pacific Place obtained when it leased the property after HTI left the premises. We conclude that the petition will not support the judgment award; therefore, we must reverse the summary judgment awarded and remand the cause for further proceedings in the district court.

In its petition, One Pacific Place alleges (1) that on or about April 23, 1990, it entered into a written lease of certain premises to HTI for a period of 10 years; (2) that the lease provided HTI was to pay minimum annual rent, payable monthly, plus certain real estate taxes, common area costs, insurance costs, and promotional expenses; and (3) that HTI failed to make payment for certain items payable in 1993, and for rent and other items payable in 1994. One Pacific Place also alleges that it was entitled to possession of the premises by reason of such default, but this is now a moot issue. In addition, One Pacific Place alleged specific amounts totaling $29,471.91 that HTI owed under the terms of the lease for rent, taxes, and other items. One Pacific Place further alleged that under the lease, it was entitled to 10 percent interest from the due date of all items until paid. One Pacific Place claimed that it was entitled to $1,642.43 in interest on rent and other charges unpaid through June 1, 1995, and $3,914.25 for additional rent through June 1, 1995. One Pacific Place prayed for a judgment of money damages of $37,975.12 plus "additional rent that will accrue from and after the date of the filing of this Petition." In addition, One Pacific Place alleges that "One Pacific Place will suffer damages in the form of lost rentals in the event [HTI] vacates the Premises and terminates The Shopping Center Lease prior to the expiration of its term."

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment

as a matter of law. *Anderzhon/Architects v. 57 Oxbow II Partnership*, 250 Neb. 768, 553 N.W.2d 157 (1996).

█ On questions of law, an appellate court has an obligation to reach independent conclusions irrespective of the decision made by the court below. *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997).

## DISCUSSION

For purposes of this opinion, we assume the evidence would establish that there is no genuine issue as to the material facts necessary to enable One Pacific Place to recover judgment for the $82,718.07 awarded. One Pacific Place, in its petition, prayed for a judgment of $37,975.12. HTI generally denied the allegations of the petition. For proof in its motion for partial summary judgment, One Pacific Place established damages of approximately $45,128.91 in an affidavit. (This figure would vary depending upon the date from which interest was computed.) In its brief, HTI argues that of the $82,718.07 awarded as a judgment, $36,090.66 should not have been awarded because it amounted to penalty damages.

By way of explanation, the $36,090.66 was apparently awarded under § 4.3 of the lease. That section recites the importance to One Pacific Place that someone be conducting business at the space at all times, and then goes on to provide:

In the event TENANT [HTI] fails to operate as provided herein, LANDLORD [One Pacific Place] shall have, in addition to any other remedies available under this lease or otherwise, the right to collect in addition to the Minimum Annual Rent and other sums payable under this lease a further item of additional rent at a rate equal to three (3) times the Minimum Annual Rent per day for each and every day TENANT fails to operate, which further additional rent shall be deemed to be in lieu of any Percentage Rent that may have been earned during such period.

In its brief, HTI claims that the above section of the lease provides for a penalty and that $36,090.66 of the judgment awarded constitutes a penalty. One Pacific Place argues that the section provides for additional rent, rather than a penalty. On the basis of *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505

(1995), One Pacific Place argues that an appellate court should not consider on appeal an issue which was not presented to or passed on by the trial court. In addition, upon the basis of *Gordon v. Pfab*, 246 N.W.2d 283 (Iowa 1976), One Pacific Place argues that a party who contends that liquidated damages are a penalty has the burden to plead and prove this issue. In view of the fact that One Pacific Place's petition did not specifically allege or pray for the liquidated damages in question, it is difficult to understand how HTI could have pled this issue.

One Pacific Place's argument points out the weakness of the proceeding in the court below. One Pacific Place did not allege facts which would justify an award of money under § 4.3 of the lease and did not pray for the damages which could have included an award of liquidated damages under that paragraph of the petition.

A summary judgment may be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1995). This statutory provision is consistent with Nebraska's system of code pleading. Neb. Rev. Stat. § 25-804 (Reissue 1995) provides that a petition shall contain "a statement of the facts constituting the cause of action, in ordinary and concise language . . . ." This same statute provides that if recovery of money be demanded, the amount of special damages shall be stated, but the amount of general damages shall not be stated. Neb. Rev. Stat. § 25-1102 (Reissue 1995) provides, insofar as is applicable to this case, that "[a]n issue of fact arises . . . upon material allegation in the petition denied by the answer . . . ."

These statutes are supported by a long history of holdings by the Nebraska Supreme Court. "[T]here is no more inflexible rule of law than that, to sustain a verdict or judgment, the pleadings and the proof, *allegata et probata*, must agree." *Traver v. Shaefle*, 33 Neb. 531, 548, 50 N.W. 683, 688 (1891). In *Clemons v. Heelan*, 52 Neb. 287, 72 N.W. 270 (1897), the Supreme Court stated that the relief should have been confined to that prayed for and that which was justified by the averments of the pleadings. In *Domann v. Domann*, 114 Neb. 563, 208

N.W. 669 (1926), the Supreme Court modified a decree to the extent that it was not supported by the pleadings. In the more recent case *State ex rel. Douglas v. Schroeder*, 212 Neb. 562, 324 N.W.2d 391 (1982), the Supreme Court stated that the pleadings before the trial court at the time of decision form the issues for that decision.

▪ The Supreme Court has also held that a judgment rendered on a petition which does not state a cause of action cannot be sustained and should be set aside. *Hague v. Sterns*, 175 Neb. 1, 120 N.W.2d 287 (1963).

▪ We realize that there are additional items of damages not claimed to be covered by § 4.3 of the lease which may or may not be allowable, but the total of these items would be far short of the $82,718.07 awarded. We could perhaps study the evidence to ascertain what these items might be. However, they still would not be covered by the pleadings. In *Bowman v. Cobb*, 128 Neb. 289, 258 N.W. 535 (1935), the Supreme Court observed that the only safe rule is to require litigants to try their cases upon the issues presented by the pleadings. The *Bowman* court stated:

> We have repeatedly held that, under our system of pleading and practice under the Code, issues to be tried must be formed by pleadings and a judgment rendered thereon must respond to the issues raised by the pleadings. *Clarke v. Kelsey*, 41 Neb. 766; *Hobbie v. Zaepffel*, 17 Neb. 536; *School District v. Randall*, 5 Neb. 408; *Traver v. Shaefle*, 33 Neb. 531.

128 Neb. at 293, 258 N.W. at 537.

▪ When applied to summary judgment, this rule means that a summary judgment cannot be awarded for an amount in excess of the damages pled and prayed for in the operative petition.

HTI argues in favor of some sort of "offset," brief for appellant at 14, based upon the fact that One Pacific Place re-leased the property for more than HTI had paid in its lease. This claim, and we are not at all sure what it consists of, amounts to either a setoff, counterclaim, or cross-petition. Neb. Rev. Stat. § 25-812 (Reissue 1995) provides that a defendant may set forth in his answer as many grounds of defense, counterclaim, and setoff as the defendant may have. Neb. Rev. Stat. § 25-811 (Reissue

1995) provides that such matters shall be stated in ordinary, concise language, without repetition. We are unable to consider HTI's argument concerning a possible setoff, because it is not pled in the answer as is required.

We realize that HTI does not dispute a large part of the judgment awarded and apparently agrees, or does not dispute, that it owes a considerable portion of the amount included in the judgment. However, for us to merely decrease the amount of the judgment would either (1) deprive the parties of the opportunity to plead and prove the rights which they argue in their briefs they are entitled to or (2) result in a partial summary judgment by this court, which would grant the litigants only part of the relief they seek, and, of necessity, would be an interlocutory judgment, which is not appealable. See, § 25-1332 and Neb. Rev. Stat. § 25-1333 (Reissue 1995); *Burroughs Corp. v. James E. Simon Constr. Co.*, 192 Neb. 272, 220 N.W.2d 225 (1974). Neither result is defensible; therefore, we reverse the summary judgment awarded by the trial court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.