STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE, V. DAVID HAROLD JACOB, APPELLEE AND CROSS-APPELLANT.

591 N.W. 2d 541

Filed March 19, 1999.     No. S-98-381.

Don Stenberg, Attorney General, and J. Kirk Brown for appellant.

David H. Jacob, pro se.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

In 1986, the appellee, David Harold Jacob, pled guilty to three counts of second degree murder and two counts of use of a weapon to commit a felony. However, the information with which Jacob had been charged did not include the element of malice in the three counts of second degree murder.

Jacob brought a postconviction action challenging his murder convictions, based on the State's failure to allege malice; the constitutionality of Neb. Rev. Stat. § 28-304 (Reissue 1995); and the State's failure to grant specific performance of Jacob's plea agreement, and claiming that the information essentially charged him with manslaughter. However, prior to a hearing on these issues, Jacob moved to dismiss the case without prejudice. The trial court, in a single order, granted Jacob's motion to dismiss, and then, on its own motion, granted Jacob postconviction relief. The trial court vacated Jacob's three murder convictions and both use of a weapon to commit a felony convictions.

## ASSIGNMENT OF ERROR

The State asks this court to overrule its holdings concerning malice announced in *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994), and *State v. Ryan*, 249 Neb. 218, 543 N.W.2d 128 (1996) (both decisions *overruled, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998)).

On cross-appeal, Jacob asserts that (1) § 28-304 violates the 5th, 6th, and 14th Amendments to the U.S. Constitution, (2) the trial court erred in failing to modify Jacob's convictions to three counts of manslaughter rather than vacating them, and (3) the trial court erred in failing to enforce the plea agreement.

## SCOPE OF REVIEW

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from those of the trial court. *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Silvers*, 255 Neb. 702, 587

N.W.2d 325 (1998). We note that in the instant case, the trial court granted Jacob's motion to dismiss his petition for post-conviction relief. We have held that a plaintiff may dismiss an action without prejudice as a matter of right, at any time before final submission of the case. See *Gebhart v. Tri-State G. & T. Assn.*, 181 Neb. 457, 149 N.W.2d 41 (1967), *overruled on other grounds, Neumeyer v. Omaha Public Power Dist.*, 188 Neb. 516, 198 N.W.2d 80 (1972). See, also, Neb. Rev. Stat. § 25-601 (Reissue 1995). Nonetheless, the trial court, on its own motion, proceeded to vacate Jacob's convictions due to the State's failure to include the element of malice in Jacob's murder charges. The trial court lacked the authority to do so.

While not a constitutional prerequisite for jurisdiction of the courts of the State of Nebraska, the existence of an actual case or controversy is necessary for the exercise of judicial power. *Galyen v. Balka*, 253 Neb. 270, 570 N.W.2d 519 (1997). Once Jacob's petition was dismissed, there were no pleadings before the trial court, and thus, there was no controversy between the parties for the trial court to resolve. Under our system of pleading and practice, and the adversarial process, issues to be tried must be formed by pleadings. See *Bowman v. Cobb*, 128 Neb. 289, 258 N.W. 535 (1935). If a trial court were able to render judgments on its own motion, even when no pleadings were before the court, there would be no limit to the trial court's power. A trial court simply cannot create controversies where none exist.

We conclude that the trial court lacked the authority to vacate Jacob's convictions in the absence of any pleading giving the trial court jurisdiction, and thus, the trial court's order granting postconviction relief is a nullity. When a lower court lacks the authority to exercise its subject matter jurisdiction so as to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 540 N.W.2d 554 (1995). For this reason, we are likewise without jurisdiction in the instant case.

APPEAL DISMISSED.