IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

N.P. DODGE MGMT. CO. V. ELTOUNY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

N.P. DODGE MANAGEMENT COMPANY, A NEBRASKA CORPORATION, APPELLEE,

V.

SAMIA ELTOUNY, APPELLANT.

Filed January 2, 2018.    No. A-16-727.

Appeal from the District Court for Douglas County, KIMBERLY MILLER PANKONIN, Judge, on appeal thereto from the County Court for Douglas County, Craig Q. McDermott, Judge. Appeal dismissed.

Samia Eltouny, pro se.

Kevin R. Hopp for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Samia Eltouny appeals the final order of the district court for Douglas County, which affirmed the judgment of the county court evicting her from the premises she leased from N.P. Dodge Management Company (N.P. Dodge). As Eltouny has vacated the leased premises, we find her appeal is moot, and we therefore dismiss the appeal.

### BACKGROUND

On March 17, 2016, N.P. Dodge filed a complaint in Douglas County Court. N.P. Dodge alleged Eltouny occupied premises owned by N.P. Dodge under a rental agreement. Eltouny remained in possession of the premises at the time the action was filed. The complaint alleged that Eltouny failed to pay $655.99 in rent for the months of February and March of 2016 pursuant to

the terms and conditions of the lease, accumulating $50 in late charges and $30 in utility charges. N.P. Dodge further alleged it notified Eltouny of her default by serving a three day notice to quit in compliance with Neb. Rev. Stat. § 76-1431 (Reissue 2009) on March 6, 2016, which notice was attached to the complaint as exhibit A. N.P. Dodge claimed that after three days had passed, Eltouny neither paid the amount due nor surrendered possession of the premises. N.P. Dodge asked the county court for restitution of the premises and for costs in bringing the action.

The county court scheduled a hearing on March 30, 2016. Prior to the hearing, N.P. Dodge filed an affidavit of first class mail, asserting that N.P. Dodge made diligent attempts to serve summons on Eltouny as provided in Neb. Rev. Stat. §§ 25-505.01 to 25-516.01 (Reissue 2016). The affidavit further stated that the sheriff was unable to locate Eltouny, so he served her by posting the summons at her last known address and by mailing a copy of the summons by first class mail on March 18 to the address on the summons. The record contained a service return verifying the sheriff's actions.

Eltouny did not appear at the March 30, 2017, eviction hearing. At the hearing, N.P. Dodge offered the affidavit of Charlotte J. Neitzel, the regional manager of the leased premises, into evidence, which the court received as exhibit 1. The affidavit supported the allegations of N.P. Dodge's complaint. The court entered a judgment against Eltouny for the restitution of the premises and for N.P. Dodge's court costs. The court issued a writ of restitution, commanding the sheriff to remove Eltouny from the property.

On March 31, 2016, Eltouny, acting pro se, filed an appeal of the judgment of eviction to the district court for Douglas County. She also filed a supersedeas bond, secured by a cash bond of $1,966 plus rent due on the first of each month starting April 1, payable to the county court. Accordingly, the county court entered an order quashing the writ of restitution.

The district court held an appeal hearing on Eltouny's eviction on June 28, 2016. Eltouny did not file a statement of errors prior to the hearing. At the hearing, N.P. Dodge offered the county court's receipt history printout, which showed Eltouny failed to pay monthly rent payments to the county court since March 31. N.P. Dodge requested the court order Eltouny to comply with the supersedeas bond or else issue a writ of restitution. Eltouny agreed to comply with the terms of the bond, but asked the court to give her a few days to pay the past due rent. Beyond the issue with the bond, Eltouny presented arguments regarding improper service of process, lack of notice of the eviction hearing, and her payment of, or attempt to pay, rent. At the conclusion of the hearing, the court gave Eltouny until July 5 to comply with the terms of the supersedeas bond and took the appeal under advisement.

On July 8, 2016, Eltouny filed a motion to quash the eviction, again alleging factual allegations not contained in the evidentiary record. On July 21, the court entered an order denying Eltouny's motion to quash. On the same day, the district court entered an order affirming the decision of the county court to evict Eltouny. The district court noted Eltouny's failure to file a statement of errors with the district court as required by court rule. After reviewing the record, the district court found the county court did not commit plain error. Eltouny appeals the order of the district court.

During the pendency of the appeal, on December 12, 2016, N.P. Dodge filed a motion to allow execution of judgment for failure to pay bond, asserting that Eltouny failed to pay rent for

the months of October, November, and December. On January 9, 2017, Eltouny filed an answer to the motion, stating that she had already moved out of the premises.

## ASSIGNMENTS OF ERROR

Eltouny assigns, consolidated, restated, and restyled, that the district court erred (1) in failing to dismiss N.P. Dodge's complaint for lack of personal jurisdiction and (2) in affirming the county court's judgment for N.P. Dodge.

## STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* In instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

## ANALYSIS

N.P. Dodge argues in its brief on appeal that the issues presented on appeal are moot because Eltouny vacated the premises. Before turning to the issue of mootness, we note that at the district court's oral argument and in her brief on appeal, Eltouny raised various potential defenses to the eviction action. Unfortunately, Eltouny did not offer evidence at the county court hearing to support the claims she asserts on appeal.

An appellate record typically contains the bill of exceptions, used to present factual evidence to an appellate court, and the transcript, used to present pleadings and orders of the case to the appellate court. *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017). A party's oral argument or brief may not expand the evidentiary record. *Clarke v. First Nat. Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017); *Dowd Grain Co. v. County of Sarpy*, 19 Neb. App. 550, 810 N.W.2d 182 (2012). A bill of exceptions is the only vehicle for bringing evidence before an appellate court. *In re Estate of Radford, supra*. Evidence which is not made a part of the bill of exceptions may not be considered. *Id.* The facts Eltouny alleged at oral argument in the district court and in her appellate brief are not part of the evidentiary record, and this court cannot consider them.

Even though an appellate court may not consider evidence that is not made a part of the bill of exceptions, it may consider agreed circumstances presented to it in brief or argument. *Prucha v. Kahlandt*, 260 Neb. 366, 618 N.W.2d 399 (2000); *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). In their briefs, the parties have agreed that Eltouny "has already moved out" of the leased premises. In addition, in her January 2017 answer to the motion to allow execution of judgment, Eltouny stated that she had already moved out of the premises. N.P. Dodge argues that by voluntarily vacating the leased premises, Eltouny has satisfied the relief N.P. Dodge requested, and therefore, all issues presented on this appeal are moot as no actual controversy now exists between the parties. We agree.

A moot case is one which seeks to determine a question that no longer rests upon existing facts or rights--i.e., a case in which the issues presented are no longer alive. *Applied Underwriters v. S.E.B. Servs. of New York*, 297 Neb. 246, 898 N.W.2d 366 (2017). A case becomes "moot" when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Courtney v. Jimenez*, 25 Neb. App. 75, 903 N.W.2d 41 (2017). Although mootness does not prevent appellate jurisdiction, it is a justiciability doctrine that can prevent courts from exercising jurisdiction. *Applied Underwriters, supra*. As a general rule, a moot case is subject to summary dismissal. *Id.*

Here, N.P. Dodge obtained an order of eviction which is the subject of this appeal. Because Eltouny has voluntarily vacated the premises, the issue presented in this litigation--whether Eltouny should be evicted--no longer exists. See *Banks v. Housing Auth. of City of Omaha*, 281 Neb. 67, 795 N.W.2d 632 (2011) (restitution action becomes moot upon presentation of evidence tenant moved out of premises). See, also, *One Pacific Place v. H.T.I. Corp.*, 6 Neb. App. 62, 569 N.W.2d 251 (1997) (landlord's entitlement to possession of premises moot where tenant gave up possession of premises). Because Eltouny voluntarily complied with the county court's judgment, her claim that the county court erred in ordering her eviction is moot.

## CONCLUSION

Because Eltouny vacated the leased premises during the pendency of her appeal, her appeal of the county court's eviction order is moot.

APPEAL DISMISSED.