AMERICAN GAS CONSTRUCTION COMPANY, APPELLEE, v. ROBERT Y. LISCO, JR., APPELLANT: C. I. TENNEY, GARNISHEE, APPELLEE.

FILED FEBRUARY 19, 1932. No. 28185.

Allen G. Fisher and Charles A. Fisher, for appellant.

E. D. Crites and F. A. Crites, contra.

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is an action brought by the American Gas Construction Company against Robert Y. Lisco, Jr., to recover

the sum of $4,000 as the balance due on a written contract for the sale of equipment for the manufacture of gas, purchased by the defendant from plaintiff. The defendant does not dispute that the balance due is unpaid, but seeks to establish an offset or counterclaim in the sum of $4,000 or more which he alleges C. I. Tenney owes him on a different contract. The trial court sustained the special appearance of C. I. Tenney, dismissed an attachment and garnishment, and upon motion struck from the answer and cross-petition the set-off and counterclaim. From this order the defendant appeals.

The petition of the plaintiff alleges that the plaintiff is a corporation organized and existing under the laws of the state of Iowa; that the defendant entered into a contract to purchase certain equipment for the installation of a gas-works at Laramie, Wyoming; that the equipment was delivered; that the contract price was $27,000, and that there is a balance of $4,000 unpaid. The defendant in his answer denies the corporate existence of the plaintiff. He further alleges that the real party plaintiff is C. I. Tenney. Defendant then proceeds with what is termed a counterclaim and cross-petition against C. I. Tenney, in which he sets out another contract under which C. I. Tenney is indebted to him in the sum of $5,000 and prays judgment against C. I. Tenney, doing business under the name of American Gas Construction Company, in the sum of $4,000. A writ of attachment is issued and money in the hands of the defendant due upon the contract sued upon by the plaintiff in this action is garnished as the money of C. I. Tenney. There was no personal service upon C. I. Tenney in Dawes county, Nebraska, and the only service upon Tenney is based upon the attachment and garnishment.

The claims set out in the pleadings arise by virtue of two different contracts. The contract set out in the set-off and counterclaim is signed by C. I. Tenney, while the one sued upon by plaintiff is signed by the plaintiff, by D. C. Tenney, Secretary. Our statutory provisions are as follows: Under section 20-813, Comp. St. 1929, defining

a counterclaim, it "must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action." Under section 20-816, Comp. St. 1929, a set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon a contract or ascertained by the decision of the court. The set-off and counterclaim in this case does not arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. Mutuality of demands is necessary to entitle a defendant to a set-off or counterclaim. "A claim on the part of a defendant, which he will be entitled to set off against the claim of a plaintiff against him, must be one upon which he could, at the date of the commencement of the suit, have maintained an action on his part against the plaintiff." *Simpson v. Jennings,* 15 Neb. 671; *Bank of Crab Orchard v. Myers,* 120 Neb. 84.

The defendant in this case contends that the plaintiff was not in fact a corporation, for that its life had expired prior to the execution of the contract by operation of law, and that C. I. Tenney was then doing business under the corporate name as a trade-name. It is also seriously contended that C. I. Tenney is the real plaintiff in interest. The argument of the defendant upon the question is plausible and persuasive. However, we are confronted with certain well-established principles of law. When a party contracts with an imperfectly organized corporation, he is estopped to deny its corporate existence and is precluded from recovering from its members individually as if they were partners. *Nebraska Nat. Bank of York v. Ferguson,* 49 Neb. 109; *Livingston Loan & Building Ass'n v. Drummond,* 49 Neb. 200; *Estate of Davis v. Watkins,* 56 Neb. 288; *Exchange Nat. Bank v. Capps,* 32 Neb. 242. Since the defendant entered into this contract with the corporation and has dealt with the plaintiff as a corporation, he

is estopped to deny its corporate existence, after having received the benefits of the contract. The defendant has no just complaint because he now finds himself in the position which he thought he was in when he entered into the contract. Under this view of the case, the order sustaining the special appearance of C. I. Tenney disallowing the attachment and striking from the answer the set-off and cross-petition was proper.

Having reached this conclusion, other questions presented by the briefs become unimportant. The judgment of the district court is

AFFIRMED.