M & D MASONRY, INC., A NEBRASKA CORPORATION, APPELLEE, V. UNIVERSAL SURETY COMPANY AND L.E. WEAVER CONSTRUCTION, INC., APPELLANTS.

572 N.W.2d 408

Filed December 2, 1997. No. A-96-433.

Kenneth F. George, of State, Yeagley & George, for appellants.

Bruce Smith and, on brief, Michael R. Snyder, for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

MILLER-LERMAN, Chief Judge.

Universal Surety Company (Universal) and L.E. Weaver Construction, Inc. (Weaver), defendants below, appeal from an April 11, 1996, order of the district court for Buffalo County, granting summary judgment in favor of M & D Masonry, Inc. (M & D), a Nebraska corporation. Universal and Weaver claim that the trial court erred in granting M & D's motion for sum-

mary judgment, seeking judgment in the amount of $33,504.60, and in overruling Universal and Weaver's motion for summary judgment, asking the trial court to enter judgment in favor of M & D limited to the amount of $11,468. Universal and Weaver claim that M & D's $33,504.60 claim should be set off by $22,036 and that the trial court erred in striking the $22,036 setoff raised in their joint answer. For the reasons recited below, we reverse, and remand for treatment consistent with this opinion.

## BACKGROUND

On July 14, 1995, M & D filed an amended petition against Universal, alleging that Universal was Weaver's surety on a labor and material payment bond given in connection with a construction subcontract entered into between M & D and Weaver. M & D alleged that it entered into the subcontract with Weaver in August 1993 and that it agreed to perform masonry work for Weaver in connection with a construction project for the Pleasanton Public Schools. M & D alleged that it had properly completed the work at Pleasanton and that Weaver had failed to pay it $33,504.60, the subcontract price. In its petition, M & D prayed for judgment against Universal in this amount.

In its answer filed August 30, 1995, Universal admitted that it had executed a labor and material payment bond as surety for Weaver but denied that Weaver owed M & D $33,504.60. Universal alleged that Weaver had tendered payment in full by issuing to M & D a check for $11,468 and that Weaver had exercised its right to set off $22,036 from the $33,504.60 balance. The alleged setoff arose from another subcontract between M & D and Weaver in connection with a construction project for the Holdrege Public Schools. Universal stated that M & D failed to complete the masonry work under the subcontract for the Holdrege Public Schools in a "workmanlike manner," that M & D failed to repair the defects after several requests, and that Weaver incurred damages in the amount of $22,036, fixing these defects. Universal alleged that as surety on the bond, it is entitled to all defenses and/or setoffs available to Weaver and prayed that the court allow the setoff and enter judgment in favor of M & D limited to $11,468.

On September 5, 1995, Weaver filed a motion for leave to intervene in which Weaver asked for an order allowing it to enter its appearance and become a party by way of intervention. Weaver requested that the court allow it to assert all defenses and setoffs available at law or in equity and attached a petition of intervention to its motion, setting forth the facts of the alleged setoff and praying that the court allow the setoff and enter judgment in favor of M & D limited to $11,468.

On September 21, 1995, M & D filed a motion to strike the setoff allegations from Universal's answer, since the setoff did not arise out of or relate to the facts set forth in its petition concerning the Pleasanton Public Schools and because Universal purported to allege a setoff in favor of Weaver, a party other than Universal.

On September 29, 1995, M & D filed an objection to Weaver's motion for leave to intervene, stating that Weaver's petition for intervention alleged a setoff arising from a separate contract or transaction. In the alternative, M & D moved to strike the setoff allegations from Weaver's petition in intervention, since those allegations related to a separate and distinct contract or transaction.

In a journal entry filed November 9, 1995, the trial court sustained M & D's motion to strike, stating that generally a surety, such as Universal, is not allowed to plead a setoff based on a dispute between its principal and the plaintiff and arising from a separate and distinct contract. The court also stated that an intevenor, such as Weaver, was also prohibited from alleging a setoff.

On December 21, 1995, Universal and Weaver filed a motion to join Weaver as a defendant pursuant to Neb. Rev. Stat. § 25-317 (Reissue 1995). In a journal entry filed on January 9, 1996, the trial court granted the motion, and Weaver became an additional defendant. The court granted Weaver 10 days to file an answer. On January 16, Universal and Weaver (hereinafter referred to as the "defendants") filed a joint answer, alleging that they had a right in the present suit to set off $22,036 of damages arising out of the Holdrege Public Schools subcontract. Additionally, Weaver alleged that it had assigned and transferred to itself and Universal jointly all the rights attached

to the $22,036 setoff. The defendants prayed that the court order judgment in favor of M & D limited to the amount of $11,468.

On January 22, 1996, M & D filed a new motion to strike, asking the court to strike the setoff allegations in the defendants' joint answer. In its motion, M & D claimed that the defendants' alleged setoff did not refer in an intelligible manner to the claim set forth in M & D's amended petition and arose from a set of facts unrelated to the facts in its petition.

In a journal entry filed February 23, 1996, the trial court sustained M & D's motion, striking the portions of the defendants' joint answer relating to the setoff. The court held that Nebraska has refused to recognize a distinction between a counterclaim and a setoff and further held that a setoff is a form of counterclaim arising in contract and is controlled by Neb. Rev. Stat. § 25-813 (Reissue 1995), which limits counterclaims to actions arising out of the contract or transaction set forth in the plaintiff's petition. The court also referred to Neb. Rev. Stat. § 25-812 (Reissue 1995), which states that defenses, counterclaims, setoffs, and cross-claims must "refer in an intelligible manner to the cause of action which they are intended to answer." The trial court further stated that the foregoing language of § 25-812 suggests that a setoff must have a relationship with the plaintiff's cause of action. The court stated that the defendants' setoff is not allowable, since it is based upon a separate and distinct contract.

In a reply filed February 29, 1996, M & D denied each and every affirmative allegation in the defendants' joint answer except those constituting admissions against Universal's interests.

On February 29, M & D filed a motion for summary judgment, stating that there was no longer a genuine issue of material fact and praying that the court enter a judgment for M & D. The defendants also filed a motion for summary judgment on March 22, asking the court to enter summary judgment in M & D's favor "against Defendants for $11,485.00 [sic]." In an attached affidavit signed by Lawrence E. Weaver, the defendants alleged that no genuine issue of material fact existed and that M & D was not entitled to the full $33,504.60, but, rather, only $11,468.

In an order filed April 11, 1996, the trial court granted M & D's motion for summary judgment, overruled the defendants' motion for summary judgment, and entered judgment in favor of M & D in the amount of $33,504.60, plus interest and costs.

On April 12, 1996, the defendants filed a motion for new trial, which the trial court overruled after hearing.

The defendants appeal.

### ASSIGNMENTS OF ERROR

On appeal, the defendants contend that the trial court erred in striking the $22,036 setoff raised in their joint answer and in subsequently granting summary judgment in favor of M & D and against the defendants for the full amount of M & D's $33,504.60 claim, without any reduction for the $22,036 setoff. The defendants do not explicitly raise as error the denial of their motion for summary judgment.

### STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Elliott v. First Security Bank*, 249 Neb. 597, 544 N.W.2d 823 (1996). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

Although a denial of a motion for summary judgment is not a final order and thus is not appealable, when adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, a reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions. *Id.*

Whether the allegations in a pleading should be stricken presents a question of law, in connection with which a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Westgate Rec.*

*Assn. v. Papio-Missouri River NRD*, 250 Neb. 10, 547 N.W.2d 484 (1996).

## ANALYSIS

 The party who pleads a setoff bears the burden of proving it. *Davis Erection Co. v. Jorgensen*, 248 Neb. 297, 534 N.W.2d 746 (1995). A setoff is a debt for which an action might be maintained by the defendant against a plaintiff, that is, a debt for a certain specific pecuniary amount, recoverable in an action "ex contractu"; the claim must be such that at the date of the commencement of the plaintiff's suit, the defendant could have maintained an action against the plaintiff. *Id.*

The defendants contend that the court erred in striking their setoff allegations and in granting M & D's summary judgment motion, claiming that under Nebraska case law, a setoff may arise from an independent cause of action, arising in contract, which may be extrinsic to the plaintiff's cause of action. The defendants contend that setoff and counterclaim have been distinguished under both Nebraska case law and in Nebraska statutes. The defendants claim that the setoff alleged in their joint answer is not subject to the requirement set out in § 25-813 that a counterclaim arise out of the contract or transaction set forth in the plaintiff's petition. We agree.

M & D contends that counterclaim and setoff are synonymous and that under the language of § 25-813, the defendants' setoff allegations must arise "out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim," and that under the language of § 25-812, both setoffs and counterclaims must "refer in an intelligible manner to the cause of action which they are intended to answer." Relying on the foregoing phrases in §§ 25-812 and 25-813, and a series of cases from the 1930's which are not repeated here and have been superseded by more recent case law, M & D argues that the defendants' setoff does not arise out of the contract or transaction set forth in the petition nor does it refer in an intelligible manner to the plaintiff's cause of action in the petition, since the defendants' setoff arises from a separate and distinct contract. M & D, therefore, claims that the setoff was properly disallowed. For the sake of completeness, we also note that in its

brief M & D also implies that the subject matter of the defendants' setoff is time barred. We make no comment regarding this inference that there may be a timeliness issue surrounding the setoff proposed by the defendants. In sum, M & D contends that the trial court correctly struck the setoff allegations in the defendants' joint answer and entered summary judgment in its favor in the amount of $33,504.60. We disagree with M & D's reading of these statutes and Nebraska jurisprudence.

The law generally states that "[a] set-off is a counterdemand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of the plaintiff's cause of action . . . ." 80 C.J.S *Set-Off and Counterclaim* § 3 at 7 (1953). "Generally, in set-off, it is not necessary that the defendant's claim arise from the contract or transaction sued on or be connected with the subject matter thereof." *Id.*, § 35 at 44. "As a general rule, the distinguishing feature of counterclaim, as opposed to set-off, is that it arises out of the same transaction as that described in the complaint . . . ." *Id.*, § 36 at 46. See, generally, 20 Am. Jur. 2d *Counterclaim, Recoupment, Etc.* § 2 (1995).

■ By the use of different words, Nebraska statutes distinguish between "defense," "counterclaim," and "setoff." Thus, § 25-812 states that "[t]he defendant may set forth in his answer as many grounds of defense, counterclaim, and setoff as he may have. Each must be separately stated and numbered, and they must refer in an intelligible manner to the cause of action which they are intended to answer."

■ Section 25-813, which is entitled "Counterclaim; cross-claim; when allowed," does not refer to "setoff" and defines counterclaim and cross-claim. Section 25-813 states in relevant part:

The counterclaim mentioned in section 25-812 must be one in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and *arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action.* The cross-claim mentioned in section 25-812 must be one in favor of a defendant and against a coparty arising out of the contract or transaction set forth in the petition as the foundation of

the plaintiff's claim, or connected with the subject of the action.
(Emphasis supplied.)

 In contrast, Neb. Rev. Stat. § 25-816 (Reissue 1995), entitled "Setoff; when allowed," does not refer to "counterclaim" or "cross-claim" and states: "A setoff can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court." Unlike § 25-813 relating to counterclaims and cross-claims, § 25-816 does not contain a requirement that a setoff arise out of the same contract or transaction set forth in the plaintiff's petition, nor does Nebraska case law impose such a requirement.

 In 1993 in *Ed Miller & Sons, Inc. v. Earl*, 243 Neb. 708, 718, 502 N.W.2d 444, 452 (1993), the Nebraska Supreme Court distinguished recoupment from setoff and defined setoff, stating:

> " ' "Recoupment" differs from "set-off" in this respect: that *any claim or demand the defendant may have against the plaintiff may be used as a set-off*, while it is not a subject for recoupment unless it grows out of the very same transaction which furnishes the plaintiff's cause of action. . . .' "

(Emphasis supplied.) See, also, *In re Estate of Massie*, 218 Neb. 103, 353 N.W.2d 735 (1984), *overruled on other grounds, In re Estate of Price*, 223 Neb. 12, 388 N.W.2d 72 (1986). But see, *Continental Nat. Bank v. Wilkinson*, 124 Neb. 675, 247 N.W. 604 (1933); *American Gas Construction Co. v. Lisco*, 122 Neb. 607, 241 N.W. 89 (1932).

Therefore, in Nebraska, both the statutes and the case law distinguish between a counterclaim and a setoff and impose differing requirements for each. While a counterclaim must arise out of the contract or transaction set out in the plaintiff's petition or be connected with the subject of the plaintiff's action, a setoff may arise from a transaction extrinsic to that set forth in the plaintiff's petition. In the instant case, the defendants' setoff is not controlled by § 25-813, but, rather, by § 25-816. The limiting language of § 25-813 which pertains to counterclaims and cross-claims does not restrict the assertion of a setoff under § 25-816. When considering a series or collection of statutes

pertaining to a certain subject matter, which are in pari materia, the statutes may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are perceived as consistent and sensible. *Kuebler v. Abramson*, 4 Neb. App. 420, 544 N.W.2d 513 (1996).

A review of the record shows that as required by those statutes, the defendants' setoff allegations were separately stated and numbered and both M & D's action and the defendants' setoff allegations are founded on contract. Additionally, the defendants' setoff allegations referred in an intelligible manner to M & D's cause of action as may be required by § 25-812. In their setoff allegations, the defendants stated that Weaver did not owe M & D $33,504.60 on the Pleasanton school contract, but, rather, only $11,468 after setting off the sum of $22,036 for damages Weaver incurred by M & D's faulty work on the Holdrege school contract. The setoff allegations were sufficiently pleaded, and the court erred in striking the defendants' setoff.

## CONCLUSION

Based on the foregoing, we hold that the trial court erred in striking the defendants' setoff from the defendants' joint answer, and this order is reversed. The trial court also erred in granting M & D's summary judgment motion. We make no comment on the propriety of granting or denying M & D's motion for summary judgment after the defendants' setoff was filed. The judgment is reversed and the cause remanded for treatment consistent with this opinion.

REVERSED AND REMANDED.