THE COUNTY OF CHERRY, NEBRASKA, APPELLEE, V.
DOUGLAS R. TETHEROW AND ERMA G. TETHEROW, APPELLANTS.
601 N.W. 2d 804

Filed October 26, 1999. No. A-98-770.

Michael B. Kratville, of Terry & Kratville Law Offices, for appellants.

William S. Dill, of Quigley, Dill & Quigley, and Ronald L. Comes, of McGrath, North, Mullin & Kratz, P.C., for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

SIEVERS, Judge.

Douglas R. Tetherow and Erma G. Tetherow appeal the district court's granting of a motion made by the County of Cherry, Nebraska (County). The County's motion was to allow it to set off the amount of personal property taxes owed by the Tetherows against a judgment the County owed to the Tetherows from a refund of real property taxes.

## BACKGROUND

The genesis of this matter is that the County originally asserted that it was owed back real estate taxes from the Tetherows. The Tetherows paid the amount allegedly owed to the County, then sued for a refund in the district court for Cherry County. On July 29, 1996, the district court entered a decree ordering the County to pay the Tetherows a refund in the amount of $7,219.41, plus interest from June 9, 1994. The County appealed that decision to this court, and we affirmed in a memorandum opinion filed March 5, 1998 (case No. A-96-1127).

After we affirmed the judgment, the County filed a motion in May 1998, asking the district court to find that it had fully paid and satisfied the judgment by depositing $7,825 with the clerk of the court. The County asserted in the motion that the Tetherows owed it personal property taxes totaling $3,426.22. These taxes had been levied and assessed against certain personal property belonging to the Tetherows from 1983 to 1986. The County sought to set off the $3,426.22 against the sum the County owed to the Tetherows, which equaled $11,251.22: the refund of $7,219.41; plus interest from June 4, 1994, to June 5, 1998, at 14 percent, totaling $4,032.81. The County relied on Neb. Rev. Stat. § 77-1771 (Reissue 1996) in making the setoff to arrive at its payment to the clerk of the court in the amount of $7,825. The County asserted that it had satisfied the judgment by paying $7,825 to the clerk of the court, and by its motion, the County sought judicial approval of the setoff.

The Tetherows objected to the motion on several grounds, including that § 77-1771 did not apply to the case, that res judicata barred the attempted setoffs, and that the personal property taxes claimed were unconstitutional.

The district court held a hearing on the motion in June 1998, at which there was a stipulation that the sum of $3,426.22 was the amount assessed against Douglas Tetherow for personal property taxes for the years 1983 through 1986. The court found that the County could set off the $3,426.22 in personal property taxes against the judgment already entered in the Tetherows' favor, which we had affirmed in case No. A-96-1127. The setoff reduced the amount of the Tetherows' judgment by $3,426.22, and the court ruled that the County's payment of $7,825 fully satisfied the judgment. The Tetherows timely appealed.

## ASSIGNMENT OF ERROR

The Tetherows contend the district court for Cherry County erred in allowing the County to set off personal property taxes owed against the judgment which we affirmed in case No. A-96-1127.

## STANDARD OF REVIEW

In a case in which the facts are stipulated, an appellate court reviews the case as if trying it originally in order to determine whether the facts warranted the judgment. *Anderson v. State*, 247 Neb. 871, 530 N.W.2d 899 (1995); *Dobias v. Service Life Ins. Co.*, 238 Neb. 87, 469 N.W.2d 143 (1991). In reviewing questions of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Schweitzer v. American Nat. Red Cross*, 256 Neb. 350, 591 N.W.2d 524 (1999).

## ANALYSIS

The Tetherows argue that the district court should not have allowed the County to set off the amount of personal property taxes owed by the Tetherows against the amount of the real estate tax refund judgment owed to them by the County for several reasons. First, they assert that the County lacked statutory authority for the setoff. Second, the Tetherows argue that the doctrine of res judicata barred the County's claim for a setoff. Third, they challenge the constitutionality of pre-1991 personal property taxes. The County has raised the issue of the Tetherows' standing to contest the validity of the personal property tax. However, because of procedural error constituting plain error, we do not address any of these issues.

The trial court, in its order of July 7, 1998, on a motion to satisfy the judgment, reasoned:

> b. The law generally provides . . . that in an action or other proceeding to collect a judgment the debtor may set off any legal demands against the creditor which the creditor owed at the time of the bringing of the suit and on which the debtor could have brought suit in his own name. 50 C.J.S. *Judgment* § 680 (1997). Although the court could find no Nebraska case directly on point, such set-off does find some support in Nebraska jurisprudence. See *Stone v. Snell*, 86 Neb. 581, 125 N.W. 1108 (1910).
>
> (1) The stipulated facts show that personal property taxes had been levied against the judgment creditor, Douglas R. Tetherow, at the time the Tetherows sought refund of the real estate taxes which were the original subject matter of this action.
>
> (2) At such time, the judgment debtor, the County of Cherry, Nebraska, could have brought suit for such taxes in its own name.
>
> (3) Thus, all of the conditions for application of the setoff were satisfied.

The procedure employed to gain the setoff is not discussed in either of the parties' briefs or the district court's order. However, we note plain error with respect to the procedural manner by which the County asserted that it was entitled to a setoff against the judgment it owed the Tetherows. As a result, we disagree with the district court's conclusion quoted above that all of the conditions for a setoff had been satisfied.

Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Fiscel v. Beach*, 254 Neb. 678, 578 N.W.2d 52 (1998). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

In order to be entitled to a setoff, the party claiming it must plead the setoff in the answer. Neb. Rev. Stat. § 25-811

(Reissue 1995) provides that "[t]he answer shall contain . . . (2) a statement of any new matter constituting a defense, counterclaim or setoff, in ordinary and concise language, and without repetition." Neb. Rev. Stat. § 25-812 (Reissue 1995) states in part, "The defendant may set forth in his answer as many grounds of defense, counterclaim, and setoff as he may have. Each must be separately stated and numbered, and they must refer in an intelligible manner to the cause of action which they are intended to answer." In addition, Neb. Rev. Stat. § 25-816 (Reissue 1995) provides that "[a] setoff can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of the court."

Thus, it is improper to first raise the issue of a setoff in a postjudgment motion. See, *Boris v. Heyd*, 220 Neb. 569, 371 N.W.2d 268 (1985), *overruled on other grounds, Kracl v. Loseke*, 236 Neb. 290, 461 N.W.2d 67 (1990) (setoff disallowed where plaintiff was required by §§ 25-811 and 25-812 to plead setoff in her response to defendant's counterclaim, but failed to do so); *One Pacific Place v. H.T.I. Corp.*, 6 Neb. App. 62, 569 N.W.2d 251 (1997) (court would not consider defendant's argument concerning possible setoff because it was not pled in answer as required by § 25-812). Compare *M & D Masonry v. Universal Surety Co.*, 6 Neb. App. 215, 572 N.W.2d 408 (1997) (finding that defendant's setoff allegations met statutory requirements because they were separately stated and numbered and were founded on contract).

Accordingly, since the record in this case clearly shows that the County did not raise the issue of setoff until a postjudgment motion, the district court should not have allowed the County to set off any amount. See *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995) (holding that upon remand by appellate court, no modification of judgment so directed can be made by trial court). The litigation over whether the Tetherows were entitled to a refund of real estate taxes paid had been going on for years and had been reduced to a final judgment by this court's mandate in case No. A-96-1127 before the County ever sought a setoff. It is clear that Nebraska law requires that such a claim for a setoff be

concisely asserted during the early stages of the litigation so that the opposing party has notice and can defend against the setoff. The County's belated attempt to secure a setoff violates the law concerning setoffs, and the district court erred in granting the setoff. Because the manner of raising a claim of setoff obviously involves fundamental matters of notice and proper process, we find plain error in the grant of the setoff without compliance with the requisite statutory provisions. Therefore, we reverse the district court's granting of the motion seeking a setoff.

REVERSED.